■ STEPHEN TURNER, Appellant, v CSX TRANSPORTATION, INC., et al., Respondents. (Appeal No. 1.) [899 NYS2d 696]—Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered October 9, 2008 in a personal injury action. The order, insofar as appealed from, granted in part the motion of defendants for summary judgment.

It is hereby ordered that said appeal is dismissed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained during the course of his employment as a locomotive engineer by defendants. Plaintiff asserted two causes of action against defendant CSX Transportation, Inc. based on its alleged violations of the Federal Locomotive Inspection Act ([LIA] 49 USC § 20701 *et seq.*) and the Federal Employers' Liability Act ([FELA] 45 USC § 51 *et seq.*) with respect to injuries that he sustained as a result of the excessive lateral motion of the locomotive that he was operating on September 5, 2003. Plaintiff also asserted two causes of action based on defendants' alleged violations of the LIA and the FELA with respect to injuries that were allegedly sustained over the course of his employment as a result of his continuous exposure to excess vibration and lateral motion of the locomotives.

Defendants moved for summary judgment dismissing the second amended complaint, and Supreme Court granted the motion in part by dismissing the fourth cause of action, which alleged occupational injuries based on defendants' violation of the LIA. A jury trial on the remaining causes of action was held, and plaintiff was awarded over $2.7 million in damages. Following the trial, the order granting the motion in part was entered October 9, 2008, and plaintiff appeals from that order. A final judgment was entered November 18, 2008 and an amended judgment was entered March 4, 2009. Plaintiff has conceded that, if we affirm the amended judgment from which plaintiff also appealed (*Turner v CSX Transp., Inc.* [appeal No. 5], 72 AD3d 1597 [2010]), this appeal would be moot. Inasmuch as we are affirming the amended judgment (*id.*), we dismiss this appeal as moot.

All concur except Hurlbutt, J., who is not participating. Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.